# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ENRIQUE CAZAREZ, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 08-00195-CV-W-FJG |
| | ) Crim. No. 04-0244-06-CR-W-FJG |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Currently pending before the Court is the Government's Motion for Reconsideration of the Order Granting Movant's § 2255 Motion (Doc. # 23).

### I. BACKGROUND

On March 2, 2009, the Court held an evidentiary hearing regarding Cazarez's claim of ineffective assistance of counsel due to counsel's failure to object to the drug quantity attributed to him at his sentencing. On March 13, 2009, the Court issued an order granting Cazarez's motion to vacate his sentence. On March 23, 2009, the Government filed a Motion to Reconsider. In its Motion to Reconsider, the Government argues that the overwhelming evidence presented at trial establishes that Cazarez was responsible for between 1.8 and 2.3 kilograms of methamphetamine. The Government attached to its Motion to Reconsider transcripts of several telephone calls that were introduced during the criminal trial. The Government states that in one of the telephone calls Cazarez said that he had talked to his people and they wanted from four to five pounds of the methamphetamine that was being delivered. The Government also argues that the fact that Cazarez was a major player in the drug conspiracy is

demonstrated by the recorded conversations of his co-conspirators and himself. Cazarez argues that there is no basis for the Government to attempt to supplement the evidence presented at the evidentiary hearing with the transcripts of the telephone conversations and argues that there is no reason why these arguments and this evidence could not have been presented at the evidentiary hearing.

## II. STANDARD

In Coleman v. City of Pagedale, No. 4:06CV01376ERW, 2008 WL 269000 (E.D.Mo. Jan. 30, 2008), the Court stated, "the Eighth Circuit has held that any motion questioning the correctness of a judgment is functionally a Fed.R.Civ.P. 59(e) motion, regardless of how the motion is styled." Id. at *1 (internal citations and quotations omitted). Fed.R.Civ.P. 59(e) states, "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."
In Black v. United States, No. 4:07CV388 HEA, 2007 WL 3312472 (E.D.Mo. Nov. 5, 2007), the Court stated:

> The Eighth Circuit has explained that Rule 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. . . .Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. . . .Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. . . . Rule 59(e) motions served the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.

Id. at *1 (internal citations and quotations omitted).

## III. DISCUSSION

The Government states that this Court correctly determined the applicable law, but disagrees with the Court' evaluation of the trial evidence. The Government

2

argues that the testimony and evidence that were introduced at trial show that Cazarez knew the amount of drugs that were being shipped to Kansas City. The Government cites to the testimony of Balderrama-Sanchez. During the direct examination Balderrama-Sanchez was asked:

Q. And how many did you believe Enrique could move, or how many did you tell Rojo you believed Enrique could move?
A. Three also.

MR. OLIVER: Please play call 802 from July 10th at 4:41 p.m., Government's Exhibit 84.12.

(Transcript of October 26, 2005 proceedings, p. 42).

Call 802 details a conversation between Enrique Cazarez, Jr. And Balderrama-Sanchez. Portions of the transcript of the call state as follows:

ENRIQUE: I went to see the other people I have, that I was telling you about.
CHIKIS: Yes.
ENRIQUE: If what [UNINTELLIGIBLE] says is true, he wants from four to five.
CHIKIS: Oh, well father is there! Huh? Quickly, that's what I'm telling you, Papa. I'm telling you ten guys are going to come to work.
ENRIQUE: Yes?

When Balderrama-Sanchez was then asked about the tape:

Q. What did Enrique tell you?
A. That he had talked to his people and that they had told him four to five.
Q. Four to five pounds?
A. Yes, sir.

(Transcript of October 26, 2005 proceedings, p. 42).

Balderrama-Sanchez also testified during the trial:

Q. How much methamphetamine did you take to your house from after you met with Gloria?
A. One pound.
Q. And that's the pound you showed to Enrique?
A. Yes, sir.
Q. The one he fell in love with?
A. Yes.

3

Q. And the rest of the methamphetamine was where?
A. In my brother's house.
Q. On Overton?
A. Yes, sir.

(Transcript of October 26, 2005 proceedings, p. 57).

The Government states that the telephone calls and testimony of Balderrama-Sanchez prove that Cazarez knew of the quality and total shipment. The Government claims that Cazarez stated that he wanted to purchase 4 to 5 pounds of methamphetamine and that this converts to between 1.8 and 2.3 kilograms, which is in excess of the 1.5 kilograms required for a base offense level of 38.

In opposition, Cazarez argues that the Government wants the Court to consider evidence which the Government had in its possession long before the March 2, 2009 evidentiary hearing, but failed to raise at the hearing. Additionally, Cazarez's counsel states that the evidence which the Government is relying upon is the very evidence which Cazarez wanted to challenge when he was originally sentenced - the drug quantity. Cazarez argues that this factual issue should be considered by the Court at his re-sentencing.

In its reply suggestions, the Government states that in its surreply to Cazarez's original § 2255 motion, it argued that the evidence introduced at trial and the record of those proceedings was sufficient to support drug quantity, thus it is not raising a new issue in the Motion to Reconsider. However, in its surreply suggestions, the Government did not go into any detail regarding what testimony or exhibits supported the quantity of drugs attributed to Cazarez. Additionally, during the evidentiary hearing the Government did not introduce any of the tape recorded transcripts or call any

4

witnesses to try and establish what drug quantity Cazarez was responsible for.

The tape recorded transcripts and trial testimony that the Government relies on in its Motion to Reconsider is not new evidence, but this evidence certainly could have and should have been presented during the evidentiary hearing. However, even though belatedly raised, the Court will consider this evidence. As detailed above, there is conflicting testimony regarding what quantity of drugs Cazarez was responsible for. Balderrama-Sanchez testifies at one point that Cazarez could move three pounds. Later he testifies that Cazarez wanted to purchase between four to five pounds. Later on in his testimony, Balderrama-Sanchez states that he only showed Cazarez one pound. As the Court stated in United States v. Villareal-Amarillas, 454 F.3d 925 (8th Cir. 2006), cert. denied, 549 U.S. 1137 (2007):

> In this case, the relevant drug quantity was a disputed issue, and the district court had an obligation under Rule 32(i)(3)(B) to make specific factual findings supporting its ruling on the disputed matter, unless the matter would not affect sentencing or would not be considered in sentencing. Here, the disputed matter - the relevant drug quantity - absolutely would affect sentencing because the relevant drug quantity determines the Guidelines base offense level.

Id. at 930.

The Court finds that the drug quantity is a disputed issue. Although the Government believes that the quantity was overwhelmingly supported by the trial record and evidence, the Court does not agree. If the record had overwhelmingly supported the drug quantity issue, then Cazarez's § 2255 motion would have been denied initially and there would have been no need for an evidentiary hearing at all. As the Court stated previously, if Mr. Gunther had objected to the issue of drug quantity, the Court would have been obligated to make specific factual findings. Mr. Gunther was

5

ineffective for not objecting, because if he had done so, there is a reasonable possibility that Cazarez would have received a lower sentence.  The Court does not find that the drug quantity can be determined by reviewing the record alone.

## IV. CONCLUSION

Accordingly, the Court hereby **DENIES** the Government 's Motion to Reconsider (Doc. # 23).

The Court hereby requests that the parties provide an estimate of the length of time they feel will be necessary for the resentencing hearing and also how much time they need to prepare for the hearing.  The parties shall file their responses with the Court on or before **August 17, 2009**.


Date:   07/24/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge